## ED HOUGHTON v. STATE.

No. A-1525.   Opinion Filed January 18, 1913.

(128 Pac. 1105.)

1.   INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence. For circumstantial evidence sustaining a verdict of guilty of selling intoxicating liquors, see opinion.

2.   APPEAL AND ERROR—Discretion of Court—Continuance. An application for a continuance is addressed to the sound discretion of the trial court, and his action thereon will not be reviewed upon appeal, unless an abuse of this discretion is shown.

(Syllabus by the Court.)

*Appeal from Choctaw County Court;*
*W. T. Glenn, Judge.*

Ed Houghton was convicted of violating the prohibitory law, and his punishment assessed at a fine of $50 and 30 days' confinement in the county jail, and he appeals. Affirmed.

*A. M. Works,* for appellant.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

FURMAN, J. First. Appellant contends that the verdict of the jury is contrary to the evidence. With this contention we cannot agree. Two witnesses who were officers testified for the state that they saw one Robert Allison in a partially intoxicated condition going to the house of appellant in the city of Hugo; that they watched for him, and, when he came out they stopped him about 75 feet from the house, and took from him a bottle of whisky. Allison testified that he purchased this whisky in the home of appellant, and in the presence of appellant, but that he could not identify the person who sold it to him. It was evident that Allison was doing all in his power to protect appellant. This only added to the force of his testimony. Appellant testified in his own behalf, and admitted that the witness Allison had been to his house several times, and was present on the occasion when the whisky was found on him just after he left the house of appellant. Appellant also testified that on this occasion his wife and a man named Foster were present when Allison was in the house, and that Allison was drunk, but denied selling any whisky to him. Appellant did not place either his wife or Foster on the witness stand. The whisky being obtained at the house of appellant and in his presence, it is immaterial as to whether he made the sale or not, as the circumstances justified the jury in believing he was interested therein. Men cannot permit and encourage drunken men to frequent their homes and obtain whisky there, and then claim exemption from punishment upon the ground that they did not sell or were not interested in the sale of the whisky. We think the evidence amply sustains the verdict.

Second. Appellant applied for a continuance of this cause on account of the absence of Mrs. Minnie Houghton, his wife, in which application he stated that, if she were present as a witness in his behalf, she would testify as follows:

"That she was present at the home of the defendant, Ed Houghton, at the time the alleged transaction took place; that

she is acquainted with the prosecuting witness, and remembers the occasion when he came to said house; that she was present with her said husband and said prosecuting witness during all the time said prosecuting witness, Allison, was at said house, where said transaction is said to have occurred; that she saw and heard everything said or done at said time, and that said Allison did not purchase any whisky from her husband, Ed Houghton, nor was any whisky furnished to him by said Ed Houghton in any manner."

This application for a continuance was by the court overruled. There are a number of reasons why the ruling of the trial court should be sustained. Application was not made for process for this witness until the day on which the case was set for trial, and because appellant's testimony shows that, if the testimony of Mrs. Houghton was true, he could have proven the same facts by a man named Foster who worked at the depot. His nonproduction of the witness Foster was not accounted for. The testimony of Mrs. Houghton was, therefore, only cumulative. We think the court did not err in overruling the application for a continuance.

The judgment of the lower court is in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.