## GUS WARD v. STATE.

No. A-1482.    Opinion Filed January 18, 1913.

(128 Pac. 1104.)

**INTOXICATING LIQUORS—Admissibility of Evidence—Internal Revenue License.** Before a certified copy of the United States internal revenue collector's record, showing that a license had been issued to a certain party to conduct the business of retail liquor dealer, is admissible in evidence against a defendant charged with a violation of the prohibitory liquor law, there must be some evidence showing that the defendant is the person to whom such license was issued, or that he was so associated with such person as to connect him with such license.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Gus Ward was convicted of violating the prohibitory law, and appeal.s Reversed and remanded.

*Giddings & Giddings,* for appellant.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

FURMAN, J.   Appellant was prosecuted under the name of Gus Ward. There was no evidence that his name was not as

charged in the information. The presumption of law therefore is that Gus was the given name of appellant.

Upon the trial of this cause the state introduced in evidence a certified copy of a United States internal revenue license issued to J. G. Ward to conduct the business of retail liquor dealer in the city of Oklahoma. To the introduction of this evidence counsel for appellant objected and excepted to the action of the court in overruling the same. There was no testimony that Gus Ward and J. G. Ward were one and the same person, or that Gus Ward was in any manner connected with J. G. Ward. In the absence of such testimony this certificate was clearly inadmissible. As it was material, and directly involved a vital question in this case, its admissibility in evidence was reversible error.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.