Application of Troy T. HASTINGS for Writ of Habeas Corpus.

No. A–12600.

Criminal Court of Appeals of Oklahoma.
May 14, 1958.

Troy T. Hastings, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Presiding Judge.

■ This is an original proceeding in habeas corpus, brought by unverified petition of Troy T. Hastings, petitioner pro se, wherein he alleges he is restrained of his liberty by the Honorable H. C. McLeod, Warden of the Oklahoma State Penitentiary, by virtue of a judgment and sentence entered against him in the District Court of Harmon County, Oklahoma, on November 23, 1956. He further alleges that said judgment and sentence is, in effect, invalid and illegal for various and sundry reasons, among them being the incompetency of his attorney, the insufficiency of the evidence, the false and perjured character of the evidence resulting in his conviction. These are matters which are properly presented on appeal, and which have, in fact, been so presented and decided adversely to his contentions. Hastings v. State, Okl.Cr., 316 P.2d 242.

■ Petitioner also contends that his imprisonment is in violation of the Fourteenth Amendment of the Constitution of the United States for the alleged reasons he was (1) deprived of the opportunity to consult with counsel at every stage of the proceeding; and (2) deprived of his right to a speedy trial. While these contentions have been indirectly decided adversely to petitioner's contentions in Hastings v. State, supra, in which it was held no fundamental error appeared on the face of the record, we shall, nevertheless, consider these contentions with more particularity. Considering these allegations in reverse order, upon examination of the record we find that the petitioner was arrested on or about January 14, 1956, and was brought to trial on November 12, 1956. Petitioner contends in his petition that it is fundamental law that where an accused is prosecuted either by information or by indictment and is not brought to trial at the next regular term of the court in which the case is triable after the prosecution is begun therein, the court must order the prosecution dismissed, unless the trial of the cause has been postponed upon application of the defendant or with his consent, and cites McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160. With this statement, the Court is entirely in accord. Since the petitioner was arrested during the January term of court and tried during the July term, the next regular term of court, he was given a speedy trial within the meaning of the law. Ex parte Tidwell, Okl.Cr., 309 P.2d 302. This contention is not sustainable.

■ The petitioner's contention that he was deprived of the aid of counsel is likewise not sustainable. The court minutes reveal that petitioner was appointed counsel at arraignment and was represented by counsel at all stages of the trial. Furthermore, petitioner was not inexperienced in

·court procedure as he was charged as a second and subsequent offender with two prior felony convictions. It does not appear that the petitioner was deprived of any constitutional rights.

The petition for writ of habeas corpus is denied.

POWELL and NIX, JJ. concur.