Troy T. HASTINGS, Appellant,

v.

**H. C. McLEOD, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 5954.**

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1958.

**628**

No appearance for appellant (Appellant presented a brief, pro se).

No appearance or brief for appellee.

Before BRATTON, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Oklahoma dismissing a petition for a writ of habeas corpus. Petitioner is confined in the Oklahoma State Penitentiary by virtue of a judgment and sentence entered against him in the District Court of Harmon County, Oklahoma. The judgment was affirmed by the Criminal Court of Appeals of Oklahoma. Hastings v. State, 316 P.2d 242. Subsequently, that court denied a petition for a writ of habeas corpus, after a hearing on the merits. Application of Hastings, Okl.Cr., 325 P.2d 1116. Leave to file a subsequent petition was denied by the same court. Sixteen days after the last proceeding in the State court, and without having applied for a writ of certiorari to the United States Supreme Court, petitioner brought this action which was dismissed for the reason that the application did not allege facts sufficient to entitle petitioner to relief.

■ Title 28, U.S.C.A., § 2254, provides that a petition for a writ of habeas corpus cannot be granted unless all State remedies have been exhausted, or unless there is unavailable an effective State corrective process. The law is now settled that all State remedies have not been exhausted until application has been made to the United States Supreme Court for a writ of certiorari. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, affirming, 10 Cir., 172 F.2d 668; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

■■ We have, however, considered the petition and agree with the trial court that the allegations are insufficient to justify granting the relief sought. The basis urged for the granting of the writ was that the petitioner had been denied a "speedy trial" as contemplated by the Constitution of the United States. Although we have said that habeas corpus could be used to determine whether a defendant in a State criminal proceeding has been denied due process of law under the Fourteenth Amendment by not being given a "speedy trial" (Germany v. Hudspeth, 10 Cir., 209 F.2d 15, certiorari denied 347 U.S. 946, 74 S.Ct. 644, 98 L.Ed. 1094), the allegations do not show that the petitioner was in fact denied a speedy trial. Petitioner was tried during the next regular term of court after the prosecution was instituted. This was all that Oklahoma law required. 22 Okl.Stat.Ann. § 812; Application of Hastings, Okl.Cr., 325 P.2d 1116. So far as the record shows, the petitioner was tried as soon as the orderly conduct of the court's business permitted, and that was sufficient to satisfy the requirements of due process. McDonald v. Hudspeth, 10 Cir., 113 F.2d 984, certiorari denied 311 U.S. 683, 61 S.Ct. 64, 85 L.Ed. 441. See also Germany v. Hudspeth, supra.

■ Furthermore, petitioner did not allege that he ever demanded an earlier trial. Such inaction is fatal to a request for discharge under habeas corpus made either by a defendant convicted in a State court (In re Sawyer's Petition, 7 Cir., 229 F.2d 805, certiorari denied Sawyer v. Barczak, 351 U.S. 966, 76 S.Ct.

1025, 100 L.Ed. 1486), or a defendant convicted in a Federal Court. Fowler v. Hunter, 10 Cir., 164 F.2d 668, certiorari denied 333 U.S. 868, 68 S.Ct. 785, 92 L.Ed. 1146; Frankel v. Woodrough, 8 Cir., 7 F.2d 796.