**James Vernon VASSER, Appellant,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 6236.**

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1959.

Robert B. Yegge, Denver, Colo., for appellant.

Owen J. Watts, Asst. Atty. Gen. (Mac Q. Williamson, Atty. Gen. of Oklahoma, was with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

The question presented for decision is whether appellant's conviction as a habitual criminal and his sentence of twenty-five years in the District Court of Tulsa County, Oklahoma, is void because it violates the Federal Constitution.

Appellant, James Vernon Vassar, was convicted in the above entitled case on August 26, 1956, on an information charging the crime of burglary. The information included a charge, "That said defendant, heretofore, to-wit: on the 6th day of April, 1948, was convicted of the crime of Forging United States Government Obligations in the United States Federal Court for the Northern District, State of Oklahoma, and sentenced to serve a term of three years in the United States Federal Reformatory at El Reno, Oklahoma * * *." His contention is that the crime of which he was convicted in the Federal Court did not constitute a violation of 21 O.S.A. § 1577, which defines forgery in the second degree.

Appellant has exhausted his remedies in the State court in that he appealed his conviction to the Criminal Court of Appeals of Oklahoma, Ex parte

Vassar, 338 P.2d 359 where he raised this precise question. Thereafter, he filed a habeas corpus action in the State court and appealed to the Criminal Court of Appeals from an adverse decision, Vassar v. State, 328 P.2d 445, and applied for certiorari to the United States Supreme Court from an adverse ruling. Certiorari was denied, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548. He then filed this habeas corpus action in the United States District Court for the Eastern District of Oklahoma.

It is contended that the Federal judgment under which he was convicted in the Federal District Court for the Northern District of Oklahoma, did not set forth facts which would, if established, constitute a violation of 21 O.S.A. § 1577, which makes it an offense of second degree forgery for one to sell, exchange or deliver for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent.

■ The precise question which appellant urges here was before the Criminal Court of Appeals in his appeal to that court.[1] That court held that the Federal charge set out a crime for which appellant could have been prosecuted in the State court. Since the question presents a question of due process under the Federal Constitution, Amend. 14, the decision of the State court, while entitled to great weight, is not binding on us in this proceeding.

Appellant presents the ingenious argument that all he was charged with in the Federal court was endorsing the name of the payee of a money order, and that merely forging the name of the payee on a money order is not an offense under 21 O.S.A. § 1577, the gravamen of which is the selling, delivering, or offering for sale for a consideration, a forged instrument. We do not so narrowly construe the Federal charge. The information charged that Vassar "did forge a certain writing, to-wit: The endorsement of the name of the payee to United States Money Order No. 901449 * * * for the purpose of obtaining or receiving from the United States * * * a sum of money." Under this charge, evidence could have been offered that appellant offered this forged instrument for sale, exchange or delivery. Such acts would have constituted a violation of 21 O.S.A. § 1577. We think the Criminal Court of Appeals, as well as the trial court, correctly held that the Federal charge alleged facts for which appellant could have been prosecuted in the State courts of Oklahoma.

■ It is further contended that in any event the Federal Government had precedent jurisdiction over the offense charged in the Federal information, and that, therefore, the State could not have had a conviction in its courts for the forgery of the same money order. It is well recognized that where acts constitute a violation of both a federal and a state statute, one may be prosecuted in the courts of each sovereign and that such prosecution does not constitute double jeopardy.[2]

■ It is also contended that the information in the State court was fatally defective in that it did not give a statement of the acts constituting the offense in such manner as to enable a person of common understanding to know what was intended in respect to the former conviction. The question was not presented to the State courts and with respect thereto, appellant has not exhausted his State

1. Vassar v. State, 328 P.2d 445.

2. Hudspeth v. Melville, 10 Cir., 127 F.2d 373, and cases there cited.

remedies. But aside from that we are of the view that it is without merit.

■ Finally, it is contended that the very title of the information in the State court action put appellant's character in issue without him having taken the stand. This novel argument is predicated on the argument that alluding to his former conviction in the information, placed his character in issue. No authorities are cited to support this contention, and it is, in our opinion, wholly without merit.

Affirmed.