Rex Edwin KELLER, Jr., Appellant,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

No. 7760.

United States Court of Appeals Tenth Circuit.

Aug. 6, 1964.

Certiorari Denied Dec. 7, 1964.

See 85 S.Ct. 342.

Darol C. Biddle, Denver, Colo., for appellant.

John E. Bush, Asst. Atty. Gen., of Colorado (Duke W. Dunbar, Atty. Gen., of Colorado, and Frank E. Hickey, Deputy Atty. Gen., of Colorado, on the brief), for appellee.

Before PHILLIPS and LEWIS, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

This is an appeal of a state prisoner from a denial of his application for a writ of habeas corpus by a federal district court. The appellant contends that in violation of constitutional requirements he was not afforded "adequate or effective" aid of counsel in the state court; that he was not furnished any assistance of counsel in appealing his conviction to the Colorado Supreme Court, and that he was denied a speedy trial. We shall consider these points in inverse order, since the latter one structures appellant's other contentions.

On August 25, 1960, the day following his initial arrest, an information was filed against appellant in the District Court of Boulder County, Colorado, charging the crime of burglary. He was arraigned on November 3, 1960, and on February 20, 1961, rearraigned and released on bond. Trial originally was set for June 27, 1961, but, by reason of continuances granted at the request of the prosecution, was not held until November 8, 1961. A mistrial was declared, the jury not having been able to agree. Trial again was set for March 22, 1962, but delayed until August 28, 1962, this time at the request of appellant by reason of the illness of his attorney. Appellant thereupon was convicted of the crime of burglary, and is now serving the resulting sentence of from three to five years.

During the times material here the state trial court held two terms of court annually, in March and September. The Colorado statute, C.R.S. '53, 39–7–12, provides in effect that if any person shall be committed for a criminal offense and not tried on or before the expiration of the second term of the court having jurisdiction, he shall be set at liberty.

Upon appellant's conviction by the state trial court, no complaint having been made of the trial settings or any continuances, an appeal was taken to the Supreme Court of Colorado. There, for the first time, appellant advanced the contentions that he was not tried within two terms of court as required by the statute and that he was denied his constitutional right to a speedy trial pursuant to Article II, Sec. 16 of the Colorado Constitution and the Sixth Amendment to the United States Constitution. The Supreme Court of Colorado held that although the first trial took place in the third term after defendant's commitment, the defendant had waived any right to discharge he otherwise may have had by going to trial without objection; moreover, that the defendant's own request for a continuance after the March, 1962 setting of the second trial constituted a waiver of whatever constitutional or statutory right he may have had to discharge at that time.[1]

The United States District Court for the District of Colorado "assuming without deciding that the due process clause of the Fourteenth Amendment does incorporate the right to a speedy trial provided by the Sixth Amendment",[2] denied

1. Keller v. People, Colo., 387 P.2d 421 (1963).

2. This court already has said that habeas corpus may be used to determine whether a defendant in a state criminal proceeding has been denied due process under the Fourteenth Amendment by not being given a "speedy trial". Germany v. Hudspeth, 10th Cir., 209 F.2d 15 (1954); Hastings v. McLeod, 10th Cir., 261 F.2d 627 (1958). Whether the dimensions of the rights under the re-

appellant's petition for a writ of habeas corpus because on the face of the petition there was disclosed no valid claim to a denial of due process. We agree.

■■ As to the interpretation and application of the Colorado statute and constitution, the decision of the Colorado Supreme Court, of course, was controlling. Upon the residual question of due process which was within the competence of the federal court it did not err. The lapse of time between the arrest and the trial under the circumstances presented no indication of basic unfairness or injustice; nor was the appellant in a position to complain upon constitutional grounds in view of his failure to object to the continuances granted or to move for an earlier trial before the state court. Hastings v. McLeod, 10th Cir., 261 F.2d 627 (1958); Germany v. Hudspeth, 10th Cir., 209 F.2d 15 (1954); Fowler v. Hunter, 10th Cir., 164 F.2d 668 (1947); Pietch v. United States, 10th Cir., 110 F.2d 817 (1940).

■ Appellant also complains that he was not furnished counsel on the appeal from his conviction in the state court. Although it is doubtful that the question was raised in the court below,[3] it is clear that it was not passed upon there and could not properly have been considered, since appellant as to this point had not exhausted his state remedies. 28 U.S.C. § 2254. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). As far as the record discloses his case was appropriately presented and ruled upon by the Supreme Court of the State of Colorado, no request was made before that court for appointment of counsel on appeal and no showing there made of indigency, no complaint was made of any

denial of counsel, no collateral proceeding in the state courts has been instituted to raise the question, and no reason has been suggested why state proceedings available to the appellant would not be adequate to obtain a determination (See Colo.R.Crim.P., Rule 35(b)). Under these circumstances it would be improper for us to now speculate whether in view of the teachings of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), any failure to appoint counsel on appeal under the circumstances could be an unconstitutional denial of the equal protection of the laws.

■ The appellant's remaining contention that he was not afforded before the state trial court the adequate or effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the Constitution of the United States is without merit. This contention is based upon counsel's "failure" to object to the holding of a trial after two terms had run. In all other respects, the appellant's representation by his retained trial counsel seems not to have been subject to any possible criticism. And it does not appear even in the respect complained of that their judgment was necessarily unsound in view of overall tactics, the probable ineffectiveness of a timely objection to accomplish anything other than an earlier trial, and the possible acquiescence or desires of appellant for additional time.

But be this as it may, the circumstances relied upon by appellant fall far short of the bad faith, sham, or farcical representation which would have to appear to sustain a collateral attack against the conviction upon the theory advanced by appellant. The governing principles and the elucidating authorities have been

spective amendments are precisely the same is unnecessary to explore here. See Nickens v. United States, 116 U.S. App.D.C. 338, 323 F.2d 808, 810, note 2.

3. The only reference to the problem of counsel on appeal in the record made below is contained in appellant's "Petition for Appointment of Counsel for Indigent

Defendant" filed in the federal court; it is not clear whether the reference thereto Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), was the basis of a complaint against the state court or an argument for the appointment of counsel by the federal court.

so recently referred to by this court as to make further comment unnecessary. Nutt v. United States of America, 10th Cir., 335 F.2d 817 (July Term, 1964).

Affirmed.