**Jack David LOVE, Appellant,**

v.

**Ray H. PAGE, Warden, Appellee.**

**No. 8203.**

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1965.

Robert D. Inman, Denver, Colo. (Kelley, Inman, Flynn & Coffee, Denver, Colo., on the brief), for appellant.

Jack A. Swidensky, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT and HILL, Circuit Judges.

PER CURIAM.

Appellant, who is presently confined in the Oklahoma State Penitentiary, has appealed from a denial of his petition for a writ of habeas corpus.

Love was arrested on June 14, 1962, and charged on one count with grand larceny. On June 22 he was taken before a magistrate where he waived a preliminary hearing and was bound over to the district court for trial. Subsequently and on August 3, new charges were filed against him and he was arraigned upon these charges before a magistrate on August 6, at which time he waived a preliminary hearing and was bound over to the district court for trial. Arraignment in the district court was not had until March 1, 1963, and a jury trial upon the charges followed on March 11 and 12. Sentence, after a verdict of guilty, was pronounced on March 23.

In the trial court appellant's only ground for invalidating the judgment of conviction and sentence was the delay between his arrest and trial. We agree with the trial court that, under the facts disclosed by the record, this is insufficient to constitute a basis for

Federal Court jurisdiction. It is a matter preceding the trial [1] and we can find no prejudice to Love at the trial by reason of the delay. Appellant, for the first time, raises other questions concerning the validity of his present confinement. These questions were not presented to the district judge, therefore, we must refrain from passing upon them. In this regard, we are advised by counsel for respondent that the Oklahoma Legislature has recently enacted into law a statute similar to 28 U.S.C. § 2255 which gives to state prisoners a post conviction remedy.[2] This new statute is available to appellant for the purpose of seeking relief upon the new grounds urged here for the first time.

Affirmed.

1. Klink v. Looney, 10 Cir., 262 F.2d 119; United States ex rel. Sproch v. Ragen, 7 Cir., 246 F.2d 264.

2. 22 O.S.Supp.1965, § 1073.