Alvin R. TURNER, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

No. 8098.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1965.

Everett L. Ashley, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the Brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a denial of appellant's petition for a writ of habeas corpus.

The appellant was convicted of first degree murder in the Kansas state courts and is presently confined in the Kansas Penitentiary under a life sentence. It

appears that appellant was convicted on evidence showing that he and one Loren planned to commit a robbery or burglary of the home of one John R. Keach. Appellant drove the car for Loren to the location of Keach's home. Loren entered the house, shot and killed Keach, removed several items of personal property and loaded them into the car where the appellant was waiting. It appears also that it was not until the time when the stolen articles were being removed from the car that appellant was told by Loren that Keach had been killed.

The appellant was arrested a short time after the crime. The officers told him that they wanted to talk to him about the Keach case, and during the course of the interrogation which followed, appellant made certain incriminating statements. These statements apparently were not in the nature of a confession, but were characterized by the Kansas court as being incriminating.

At the trial appellant's statements were admitted into evidence, but before they were admitted the trial court conducted a voir dire examination to determine whether they were voluntarily made. The state trial court and the Supreme Court of Kansas, State v. Turner, 193 Kan. 189, 392 P.2d 863, on appeal held that the statements were voluntary. The state court also found that appellant had been advised that anything he said could be used against him, and that he need not make any statements.

As indicated above, the Kansas Supreme Court on the appeal of appellant's conviction considered fully whether the statements were voluntarily made, but there is nothing to indicate that the Kansas court considered the issue which the appellant here raises. This issue is that he made no intelligent and understanding waiver of his right to counsel before making the statements during the interrogation. He asserts that at the time the statements were made, he did not think he had "done anything wrong." The voir dire examination by the state trial court referred to above shows that appellant was advised he could talk to a lawyer and that he responded that he did not think he needed a lawyer because he did not see that he had done anything wrong. The matter of representation during questioning was not further pursued.

The opinion by the Supreme Court of Kansas was handed down prior to the opinion of the Supreme Court of the United States in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. There is no indication in the record that the appellant has sought any post-conviction relief in the state courts of Kansas, and consequently the issue of waiver of an attorney under Escobedo v. State of Illinois has not been presented to the Kansas courts. The state courts considered only the issue as to whether or not the statements were voluntarily made.

In view of the fact that the state of Kansas has not considered the issues here presented by the appellant as to waiver of counsel, the order of the United States District Court for the District of Kansas is vacated, and the case is remanded with directions to deny the petition for failure to exhaust state remedies.