John R. LINTON, Appellant,

v.

Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.

No. 8543.

United States Court of Appeals Tenth Circuit.

March 30, 1966.

Ruben Rodriguez, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen. of New Mexico, Santa Fe, N. M., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant, a prisoner in the New Mexico State Penitentiary, appeals from a denial of his petition for habeas corpus by the United States District Court. The petition concerns the constitutionality of the procedure used by the state court to revoke an order deferring his sentence.

The pertinent facts are as follows: On May 9, 1963, appellant, represented by an attorney, entered a plea of guilty in the state court to an information charging him with one count of forgery. The trial court continued appellant's bond, defer-

red sentencing, and ordered him to make restitution. On October 7, 1963, appellant appeared again before the court. He was questioned concerning the restitution and indicated that a part of the debt had been paid. The court ordered appellant to make weekly reports to the Probation and Parole Officer concerning his progress in paying off the obligation. Finally the record reveals that appellant made another appearance before the court on February 6, 1964. The attorney appointed to represent him for the original plea was present at this time. The court questioned appellant concerning his activities while on probation, especially with regard to drinking and gambling. Appellant denied that he had spent money on drinking, but admitted that he had been gambling, and had used the money he won for rent and groceries. He stated that he had been out of work for some time. In response to the court's question concerning whether he had complied with the conditions of his deferred sentencing, appellant answered, "Not all together I don't imagine." Appellant admitted no further payments had been made since the October hearing. After questioning appellant in this manner, the trial court found that he had failed to comply with the condition of his deferred sentencing, and imposed an indeterminate sentence of from one to five years in the penitentiary.

■ It is fundamental that post conviction relief by habeas corpus in the United States courts is not available to state prisoners unless a denial of some right guaranteed by the United States Constitution is shown. 28 U.S.C.A. § 2241(c)(3); Jacobs v. Crouse, 349 F.2d 857 (10th Cir.); Stewart v. Cox, 344 F.2d 947 (10th Cir.); Wagenknecht v. Crouse, 344 F.2d 920 (10th Cir.); Mooneyham v. State of Kansas, 339 F.2d 209 (10th Cir.). Appellant contends that the state court did not follow the procedure required by state law, and that such failure resulted in a denial of the equal protection of the laws under the United States Constitution. Appellant further argues that the procedure which was followed resulted in a denial of procedural due process in that there was no prior notice of the purpose of the hearing at which the probation was revoked.

■ Appellant's point that there was a failure to follow the state statutory procedure is based upon Section 40A–29–20 of the New Mexico Criminal Code. This section sets forth in some detail the method by which an order deferring or suspending sentence may be revoked. However, as was pointed out by the state on oral argument, the effective date of the Criminal Code was July 1, 1963, and it expressly provides that all crimes committed prior to the effective date "shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed." Since the guilty plea was entered on May 9, 1963, the crime was necessarily committed before the effective date of the Act. The law as it was prior to the code would thus apply to all stages of the criminal proceedings against the appellant, including revocation of probation. Prior to the new code, there apparently was no prescribed statutory procedure. The repealed Section 41–17–1 indicated that a suspended sentence could have been revoked by court order upon a breach of the condition of the suspension. No mention is made of deferred sentencing. Ex parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A. 1918C, 549, and State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961), were decided under the then law as it pertained to suspended sentences, but are not comparable to the case at bar. Since the state at the critical time had not set out a procedure to be uniformly followed in revoking an order deferring sentence, and no regular practice is shown to have existed, the question of a denial of the federal constitutional right to equal protection of the laws is not presented.

■ Concerning the procedural due process question, appellant urges that no prior notice of the purpose of the revocation hearing was given despite the prior hearing. Although there is some conflict among the various jurisdictions concerning what is constitutionally neces-

sary for revocation, the United States Supreme Court has held that in the absence of a statute requiring a hearing, there is no constitutional right to a hearing on the breach of the conditions of probation. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. See also 29 A.L.R.2d 1074. Although the Court in the Escoe case was concerned with the requirement of the due process clause of the Fifth Amendment as it applies to federal proceedings, the same reasoning can be extended to the case at bar.

■ The record reveals that considerably more than a minimum procedure was followed in this case. A hearing was held at which the only factual question was whether or not appellant had complied with the express mandate of the court. This followed a prior hearing on the same subject. Appellant was given an opportunity to deny that he had failed to comply with the condition of his probation or to show why such compliance had been impossible. He did not deny that there had been a violation. There is no intimation that the court's order of revocation was arbitrary or capricious in any respect. Even where a statute requires a hearing, it is recognized that all the formalities of a trial are not required. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. Where a hearing is required, the question is not essentially one of procedure alone, but rather it is one of whether the revocation power had been arbitrarily used. The procedure used in the instant case was well adapted to discovering whether the court's mandate had been met. Under these circumstances, any question of due process must be resolved against appellant.

■ Appellant raises a further question concerning the effective assistance of counsel at the revocation hearing. However, it is apparent from the record that this question was not presented to the state court, and apparently not to the United States District Court; therefore the question is not properly before this court on appeal. 28 U.S.C.A. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Burns v. Crouse, 353 F.2d 489 (10th Cir.); Turner v. Crouse, 351 F.2d 935 (10th Cir.).

Appellant has failed to show any denial of federal constitutional rights by the state court which would entitle him to habeas corpus relief in the federal courts. Thus the order of the United States District Court dismissing the petition is affirmed.