**George W. HOGGATT, Appellant,**

v.

**Ray H. PAGE, Appellee.**

**No. 588-69.**

United States Court of Appeals, Tenth Circuit.

Sept. 28, 1970.

---

Richard Silverstein, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen. of Okl., with him on the brief), for appellee.

Before JONES*, BREITENSTEIN and HOLLOWAY, Circuit Judges.

PER CURIAM:

George W. Hoggatt, the appellant, was convicted of murder in an Oklahoma State Court in 1936, and was sentenced to life imprisonment. After an application for a writ of habeas corpus, or in the alternative, for an appeal out of time, was denied by the state courts, he filed a petition for habeas corpus in the District Court for the Eastern District of Oklahoma, asserting a number of grounds. The district court denied relief and an appeal to this Court is now before us. The appellant was not represented by counsel in his habeas corpus application to the district court. He is represented in this Court by Court-appointed counsel. His counsel does not rely upon any of the grounds which he asserted in the pro se petition filed by the appellant in the district court. These grounds are, it is assumed, abandoned. We think they might well be abandoned since we find no merit in any of them. Discussion of them would serve no useful purpose.

The sole ground upon which appellant relies in his brief and in the argument of his counsel made at the bar of this Court is that he was not represented by counsel on his appeal from his conviction in the Oklahoma court. Counsel who represented the appellant on his trial took the necessary steps to get an appeal before the Criminal Court of Appeals of Oklahoma but did not present argument and, we think, they did not file briefs. In the opinion of the Oklahoma court it is said:

"While the defendant is not represented by counsel in this court, we have with much care examined the entire record. * * *" Hoggatt v. State, 67 Okl.Cr. 377, 94 P.2d 264, 269. If the matter was properly before this Court, judicial notice could be taken of the quoted statement of the Oklahoma court and a prima facie determination might be made that the appellant did not have counsel throughout the appeal from his conviction for murder. The recital in the opinion does not, to be sure, negative the possibility of a waiver of counsel or a deliberate prosecution of the appeal without counsel.

■ It is unnecessary to elaborate on the Gideon doctrine that counsel must be given to indigents charged with criminal offenses. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. The principle applies to an appeal through argument and submission and does not terminate with the filing of notice of appeal and making the record available to the appellate court. The Gideon doctrine is retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■■ However unfortunate for the appellant it may be, we must again note that the case is before an appellate court and matters cannot be here decided that were not raised in the tribunal from which the appeal was taken. There is yet another reason why the judgment of the district court, which was correct upon the record before it, must be af-

* Of the Fifth Circuit, sitting by designation.

firmed. No principle in the realm of Federal habeas corpus is better settled than that state remedies must be exhausted. 28 U.S.C.A. § 2254(b) (c). The principle has been recognized and applied in this Circuit that habeas corpus relief cannot be granted in the courts of the United States for denial of a constitutional right in a state court where the relief is sought in the Federal court upon a ground which was not asserted in the state courts and state remedies have not been fully exhausted. Whiteley v. Meacham, 10th Cir. 1969, 416 F.2d 36; Davis v. Crouse, 10th Cir. 1966, 363 F.2d 382; Turner v. Crouse, 10th Cir. 1965, 351 F.2d 935; Love v. Page, 10th Cir. 1965, 351 F.2d 303; Keller v. Tinsley, 10th Cir. 1964, 335 F.2d 144, cert. denied 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348, and Vasser v. Raines, 10th Cir. 1959, 274 F.2d 369, cert. denied 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548.

The judgment of the district court was correct as to the issues submitted to and decided by it. The question here raised and not before presented either to the state court or to the United States District Court is not properly before this Court for adjudication. The judgment of the district court must be and is

Affirmed.