Olen KENNEDY and Loyd Kennedy,
Petitioners,

v.

Park J. ANDERSON, Warden, Oklahoma
State Penitentiary, Respondent.

Civ. No. 74–19.

United States District Court,
E. D. Oklahoma,
Civil Division.

March 5, 1974.

Olen Kennedy and Loyd Kennedy, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The above Petitioners have jointly presented to this Court two pleadings entitled Petition For Writ Of Habeas Corpus and one pleading entitled Motion To Suspend and Hold in Abyance (sic) Appellants Procedures. Petitioners proceed in forma pauperis. As all three pleadings raise the same complaint they have all been filed under the above caption and will be considered together by the Court.

Petitioners were convicted in Sequoyah County, Oklahoma of murder and sentenced to life imprisonment on or about September 13, 1973. On or about November 19, 1973, Petitioners requested the Oklahoma Court of Criminal Appeals to hold their appeals to said Court of said convictions and sentences in abeyance. Said Court denied the requests.

Petitioners complain herein of said denial. Their complaint is without merit and is dismissed.

There is no federal constitutional right to an appeal from a State Court criminal conviction. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Hamrick v. Norton, 322 F. Supp. 424 (D.C.Kan.1970) affirmed 436 F.2d 940 (Tenth Cir. 1971).

When a state provides for an appeal from a State Court conviction, the procedures thereof must be complied with in order to obtain such appeal. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). See also McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894).

Oklahoma has provided for an appeal to the Oklahoma Court of Criminal Appeals from a District Court criminal conviction. 22 Oklahoma Statutes § 1051 et seq. Petitioners do not allege that anyone has denied them their prescribed right of appeal as allowed by Oklahoma law. Rather, Petitioners want to change the rules prescribed by Oklahoma with reference to their appeals and establish rules of their own. The Oklahoma Court of Criminal Appeals has properly denied such requests. This Court is bound by this decision and no Federal Constitutional question has been presented.

■ As far as Petitioners' appeals are concerned or the validity of their convictions, they have not shown an exhaustion of either their right of appeal or their available post conviction proceeding under 22 Oklahoma Statutes § 1080 et seq. Petitioners may not deliberately bypass the right of appeal and then come to Federal Court with a Petition for Writ of Habeas Corpus. Terry v. Patterson, 372 F.2d 480 (Tenth Cir. 1967).

28 U.S.C. § 2254(b) provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

In Hoggatt v. Page, 432 F.2d 41, 43 (Tenth Cir. 1970) our Circuit Court has said:

"No principle in the realm of Federal habeas corpus is better settled than that state remedies must be exhausted. 28 U.S.C.A. § 2254(b)(c). The principle has been recognized and applied in this Circuit that habeas corpus relief cannot be granted in the courts of the United States for denial of a constitutional right in a state court where the relief is sought in the federal court upon a ground which was not asserted in the state courts and state remedies have not been fully exhausted. Whitely v. Meacham, 10th Cir. 1969, 416 F.2d 36; Davis v. Crouse, 10th Cir. 1965, 363 F.2d 382; . . . Love v. Page, 10th Cir. 1965, 351 F.2d 303; Keller v. Tinsely, 10th Cir. 1964, 335 F.2d 144, cert. den. 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348, and Vassar v. Raines, 10th Cir. 1959, 274 F.2d 369, cert. den. 362 U.S. 982, 80 S.Ct. 1069, 4 L.Ed.2d 1016."

■ Petitioners have mentioned 18 U.S.C. § 242 in their pleadings. This is a Federal criminal statute having to do with subjecting one to a different punishment because he is alien or because of color or race. This statute affords Petitioners no basis for relief in this litigation. Any charge thereunder may only be initiated by a Federal Grand Jury or a United States Attorney. If Petitioners desire to charge someone under such statute they may contact either the appropriate Federal Grand Jury or United States Attorney. Neither the Oklahoma Court of Criminal Appeals nor the Respondent herein has any involvement with said statute.

As Petitioners' action is wholly without merit as a matter of law and an evidentiary hearing is not necessary the Court declines Petitioners' request for the appointment of counsel.

It is therefore ordered that Petitioners' Petitions and Motion herein are dismissed this 5th day of March, 1974.