991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Ralph MARTINEZ, Petitioner-Appellee,
v.
ATTORNEY GENERAL OF THE STATE OF NEW MEXICO; New Mexico
Parole Board, Respondents-Appellants.
 No. 92-2101.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and BELOT,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellee Richard Ralph Martinez is currently serving a life sentence in New Mexico following his conviction for first degree murder. After exhausting his state remedies by direct appeal to the New Mexico Supreme Court and petition for state post-conviction relief, Mr. Martinez filed a federal habeas petition pursuant to 28 U.S.C. § 2254. He contended that he was eligible for parole after serving ten years of his sentence, had been unconstitutionally deprived of his earned good time credits, was entitled to be released, and had suffered cruel and unusual punishment. Following various motions, the district court granted habeas relief. Adopting the magistrate judge's recommendation, the district court ordered appellants to "provide Petitioner a hearing for the purpose of calculating his good time award and crediting that against his sentence." Rec.Vol. I, doc. 23. This appeal followed.
 
 
 3
 Appellants contend that Mr. Martinez's habeas petition should be dismissed because application of good time credits to his parole eligibility date is moot, and application of good time credits to his sentence is contrary to state law. Mr. Martinez initially responded to the appeal pro se, and appellants replied. The office of the Federal Public Defender was then appointed to represent Mr. Martinez and filed a response brief.
 
 
 4
 Now counseled, Mr. Martinez concedes on appeal that, because he was afforded a parole eligibility hearing after serving ten years in prison, his previous argument that such hearing should have occurred earlier is moot. Nonetheless, he contends that he is entitled to a hearing reinstating his earned good time credits. We disagree.
 
 
 5
 As Mr. Martinez acknowledges, the only remaining issue is "whether good time credits should also be subtracted from Mr. Martinez' maximum sentence of life imprisonment and how that may be accomplished." Appellee's Br. at 15.[1] This issue, based in state law, is not cognizable on federal habeas review. Whether or not the good time credits Mr. Martinez had previously earned can operate to lessen his sentence under state law, Mr. Martinez is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Therefore, this court lacks jurisdiction to review the issue. See Smith v. Phillips, 455 U.S. 209, 221 (1982); Linton v. Cox, 358 F.2d 859, 861 (10th Cir.1966).
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is REVERSED, and this case REMANDED to the district court with instructions to deny the habeas petition and dismiss the case.
 
 
 
 *
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Martinez did not argue his Eighth Amendment claim before the district court and does not argue it on appeal. Therefore, we consider the issue waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990)