## J. I. McKEE v. STATE.

No. A-6094. Opinion Filed Sept. 24, 1927.
(259 Pac. 607.)

Lee G. Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of manslaughter in the first degree and was sentenced to serve a term of 7½ years in the state penitentiary.

A brief statement of the facts appearing in evidence is about as follows: Defendant was an oil field worker residing at the town of Stroud; he had formerly been convicted of a felony in the state of Texas.   On the day of the homicide he took his wife to a well at which he was working, and later she returned home in a taxi driven by one Knuckles, and soon thereafter defendant went to his home and found Knuckles there standing at the door talking with his wife.   Defendant was angered and kicked Knuckles out of the house and here contends Knuckles had insulted his wife.   Later in the evening defendant and one Vance went from defendant's house down town, and during the evening a claim was made

that Vance or defendant had short changed a storekeeper and Knuckles took it upon himself to require them to adjust the matter, and thereby the ill feeling between Knuckles and defendant was further intensified. While defendant and Knuckles were walking down the main street of Stroud in front of the Pullman Cafe defendant, who was in front, suddenly whirled and fired three shots at Knuckles, one of which struck Ross King, a bystander, in the head, from which he died. Defendant testified that he acted in self-defense; that he looked over his shoulder and saw Knuckles making a move as if to draw a pistol and that he then whirled and fired the shots at Knuckles. Pending trial defendant twice broke jail, but was recaptured.

Several assignments of error are presented, but only one is insisted upon in the brief; that is, that the trial court erred in permitting two witnesses, B. H. Waggoner and E. E. Cole, to testify in chief. The list of names served contained that of B. H. Waggoner and ——— Cole. The name Cole does not contain any initial or any information whether the witness was male or female. No post office followed either name. Defendant raised this objection at every stage of the proceeding and declined to answer ready for trial for this reason.

Section 20 of article 2 of the Constitution of Oklahoma is in part as follows:

"* * * In capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information together with their post office addresses.* * *"

This provision of the Constitution is so plain we do not understand why a prosecuting officer will insist on putting a defendant on trial in a capital case without having complied with it. Nor do we understand why

a trial judge will require a defendant to go to trial where the objection is timely made without requiring it to be complied with. To do so is a palpable error both on the part of the prosecuting attorney and the trial judge. It is not a sufficient answer for a county attorney to say that he does not know the name or address of a witness to be called in chief. It is a part of his business to know and the processes of the state are available to him to ascertain them. At least, if he does not know and is not able to ascertain he should so describe the witness and so give his place of residence or location that a defendant could not be misled and would have the same information as the state as to the identity, residence, and whereabouts of the witness. Waggoner and Cole were eyewitnesses to the shooting; neither had testified at the preliminary. This court in construing this clause of the Constitution has held that a defendant confined in jail does not have to demand a list of the witnesses; the Constitution makes the demand for him, and the trial court is without authority to force him to trial until this provision has been complied with. Goben v. State, 20 Okla. Cr. 220, 201 P. 812. See, also, Mullen et al. v. State, 28 Okla. Cr. 218, 230 P. 285; Spess v. State, 13 Okla. Cr. 277, 164 P. 131; Howington v. State, 30 Okla. Cr. 243, 235 P. 933.

We have also held that this provision should be construed in the reason and spirit of the Constitution and may be waived. State v. Frisbee, 8 Okla. Cr. 406; 127 P. 1091; Addington v. State, 8 Okla. Cr. 703, 130 P. 311; Franklin v. State, 9 Okla. Cr. 178, 131 P. 183; Galbert v. State, 12 Okla. Cr. 571, 160 P. 332; Tallon v. State, 22 Okla. Cr. 89, 210 P. 309.

The only question for our determination is whether this error requires a reversal. Under a federal statute (18 USCA § 562) requiring the delivery to defendant two days before trial a list of witnesses to be produced

by the prosecution, this court held that it was error to permit a witness to testify where the witness' name had not been served on defendant, but that the error was not reversible where the testimony of the witness was cumulative. Havill v. United States, 5 Okla. Cr. 334, 115 P. 119. That is the situation here. Other witnesses whose names with post office addresses were correctly given in the list served testified fully as to all the circumstances of the homicide. The evidence of the two witnesses objected to was cumulative. Except for this fact the error presented would require a reversal. The record discloses clearly the guilt of defendant; the punishment assessed appears to be light under all the circumstances shown.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.