## A. A. FERGUSON v. STATE.

No. A-8283. May 7, 1932.
Rehearing Denied May 21, 1932.
(11 Pac. [2d] 211.)

318

Williams, Cowan & Benedum and Justin Hinshaw, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cleveland county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that defendant, on the 12th day of February, 1931, accompanied by one Dan Bentley, was driving a 1929 model Chevrolet coupe on highway No. 77, between the towns of Noble and Lexington; that defendant, in attempting to pass the car of one White, which was being driven by one Sullivan, struck the left side of White's car with the right side of his car; that defendant was driving at approximately 50 miles an hour; that White's car was being driven at about 25 miles an hour; that defendant's car scraped the side of White's car, and, striking the left front wheel, turned White's car completely over and around, causing it to be headed north instead of south; that as a result of such accident White was killed; that defendant did not stop, but hastened on, and, when he got to the town of Lexington, the next stop on highway No. 77, he turned off of said highway; that,

instead of crossing the toll bridge, where he would be stopped and required to pay toll, he turned east on a dirt road; that later in the afternoon, between 5 and 6 o'clock, he was arrested on highway No. 18, about a mile south of Asher; that, at the time of defendant's arrest, his car was badly scratched all along the right side, and had several fresh indentations therein; that the hub cap on the right rear wheel was missing, and the hub cap on the right front wheel had a fresh scar on it; that, when defendant was arrested and interviewed by the officers, he denied having any accident, and denied that any of the hub caps were missing off of his car.

Sullivan and Mrs. White, who were riding in deceased's car, testified that the car that struck them was a Chevrolet coupe; that two men were riding in it; that the driver looked back after the accident, but did not stop, but drove away at an increased rate of speed; that there were certain things dangling in the rear window of the car (at the time of defendant's arrest, his car had a couple of paper owls dangling in the rear window); that a rear hub cap off a Chevrolet was picked up at the scene of the wreck; that this hub cap fitted defendant's car, and fitted into the disc left on the rim of defendant's axel; that a flange off a wheel was picked up near the wreck; and that a flange was missing off defendant's car.

Defendant, testifying, admitted that he was on the highway that day, and reached Lexington about the time the accident occurred, but claimed his car was battered up that way when he bought it, and denied that he had had any accident.

Other witnesses called by defendant created a clear conflict in the evidence. This was for the jury. There

is ample evidence in the record to support the verdict of guilty.

Defendant contends that the court erred in permitting the witness Person E. Woodall to testify, over the objection of defendant, since his name was not indorsed on the information as required by section 20, article 2, Constitution of Oklahoma.

Mr. Woodall was the county attorney, and was called to testify merely for the purpose of showing that the hub cap in controversy was in the same condition at the time of the trial that it was when delivered to him, a day or two after the wreck. The state had called a witness, I. W. Williams, who testified to finding a hub cap and to having compared it with defendant's car and to having delivered it to the county attorney. Later in the trial, the court sustained defendant's objection, and withdrew the testimony of Woodall from the jury.

There are several reasons why defendant's objection is not well taken:

First. The evidence having been withdrawn by the court, the error, if any, was cured.

Second. This evidence was cumulative, and the error, if any, in admitting the same, would not require a reversal of the case.

In Havill v. United States, 5 Okla. Cr. 334, 115 Pac. 119, this court said:

"The right of a defendant indicted for a capital offense alleged to have been committed in the Indian Territory prior to statehood to have delivered to him under section 1033, Sts. Ann. vol. 2, p. 344 (U. S. Comp. St. 1901, p. 722 [18 USCA § 562]), at least two days before the trial a list of the witnesses to be produced, is not

violated to the extent of constituting reversible error where the testimony of the witness was cumulative, and offered for the sole purpose of fixing the time and place of the victim's death."

In the later case of McKee v. State, 38 Okla. Cr. 132, 259 Pac. 607, this court states the rule too broadly as a general proposition of law, but proper under the facts of that case.

Third. Defendant himself introduced the same hub cap in evidence, along with the other three claimed to have been taken from his car, for the purpose of establishing that the hub cap in controversy could not have come from his car.

Defendant will not be allowed to present his case upon one theory in the lower court, and then contend upon another one in this court.

An examination of the record discloses that defendant had a fair trial, and that the evidence supports the verdict of the jury. The cause is therefore affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.