## RAYMOND VAN BRUNT v. STATE.

No. A-9186.   July 30, 1937.
(70 Pac. 2d 1103.)

Homer H. Bishop, and Billingsley & Kennerly, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, the defendant in the trial court, was by information charged with the crime of murder, was tried, convicted of manslaughter in the first degree, and sentenced to be confined in the state penitentiary for a period of ten years, and by petition in error, with case-made attached, has appealed to this court.

The testimony on behalf of the state in substance shows the Cole and Van Brunt families lived in the same block on Timmons street, in the city of Seminole, Seminole county, Okla. For some time prior to the date of the killing, April 30, 1935, there had been trouble between the families; on the day of the killing, about an hour and a half before the trouble, as shown by the defendant's testimony, the Cole and Van Brunt families had a row, and the Cole family, not including the deceased or the father of the deceased, went to the Van Brunt house

and were quarreling and abusing the defendant, and finally became so boisterous the officers were sent for and the defendant in this case went to the office of the justice of the peace, but no charges were filed against the Coles. It is uncontradicted by both the state and the defendant that the families were unfriendly.

After the defendant returned to his home, as he states, about an hour and a half thereafter, Frank Cole, the father of Cecil Cole, the deceased, came home and received information that there had been another family row, and that the defendant in this case had been abusive and had taken part in the row. He saw the defendant coming across the street toward his home and Frank Cole went out to where the defendant was, and states he spoke to the defendant and told him he was getting tired of his abusing and annoying his family.

The defendant says Frank Cole took hold of his hands and then let loose of one of them and struck him, and defendant ran to his home. Frank Cole says he did not strike him with anything, but did stop the defendant and told him he had to desist in his conduct toward the Cole family. This meeting of the parties was just in front of the Van Brunt home.

It is not disputed by the defense, and the state shows by positive testimony, that when the defendant broke away from where the deceased and his father were standing he rushed into the house and came back in a few minutes with his pistol in his hand and began firing. The proof shows Cecil Cole was wounded in the shoulder, and one bullet that produced his death struck him in the temple; one bullet burned or grazed the car of Frank Cole, and one of the Cole girls was slightly wounded. Six shots were fired by the defendant at the Coles. The

defendant says he was shooting at Frank Cole and not at any other member of his family; that he did not intend to injure Cecil Cole. Witnesses who did not see the first shots fired saw the defendant when he was firing the last shots, some of them stating he was down on one knee holding the pistol in both hands. The deceased, Cecil Cole, fell in the street, dying from the effects of the wound in his head.

The defendant admits firing six shots; that he then went back in the house for the purpose of getting more shells and that he reloaded the pistol. Several witnesses testified to seeing the defendant on the porch, some of them saying he got off the porch, but they all admit he fired the shot that took the life of Cecil Cole, and that he continued to shoot until all the shells in the pistol were fired.

No weapon was shown to be on the deceased, or father of the deceased, at the time the defendant was shooting. The defendant states Frank Cole, the father of the deceased, struck him with some kind of a stick or something while out at the edge of the street where they first met and were talking. He admits after the incident in the street he turned and went into his house, and, instead of remaining in the house, secured the pistol from a cedar chest and came back out and went to shooting. He had abandoned the difficulty or fight and left Frank Cole in the street, and the proof shows that neither Frank nor the deceased was pursuing the defendant or attempting in any way whatever to do him an injury.

The proof on behalf of the defendant conclusively shows there was considerable trouble between the two families, and that the anger of the defendant had not cooled from the time he had had the trouble with the

Cole family more than an hour and a half before the shooting took place. The defendant stated he fired the shots believing it was necessary to defend himself from being killed or receiving great bodily injury.

The foregoing is the substance of the testimony as to what took place at the scene of the difficulty.

The defendant urges as grounds for reversal of his case six assignments of error. The first, second, and third assignments relate to the question of the verdict being contrary to the law and the evidence. The fourth assignment raises the question of the admission by the court of irrelevant and immaterial evidence. The fifth and sixth question the right of the court to permit Andrew Miller to testify in chief in said court, over the objections of the plaintiff in error, for the reason that the post-office address of said witness Andrew Miller was not served upon the defendant or his attorney of record; and for the further reason that the court erred in refusing to grant plaintiff in error reasonable time in which to prepare to meet the evidence and testimony of the state witness Andrew Miller.

It is urged by the defendant that the court erred in permitting Andrew Miller to testify as a witness in chief for the reason that the correct post-office address of Andrew Miller was not given when the name of Andrew Miller was served on the defendant as his post-office address was given as Marietta, Okla.

When the case was called for trial, the state and the defendant announced ready for trial and testimony was taken, no question being raised that the post office address of Andrew Miller was incorrect, until he was called as a witness after the jury had been impaneled and other witnesses called and testified. Miller in his

testimony stated that Burneyville was his post office but that he sometimes received his mail at Marietta, when he was there visiting with his grandparents; that at the time Cecil Cole was killed he was living in an apartment in Seminole, and was just across the street when the shooting took place. The defendant admits the name of Andrew Miller was named in the list of witnesses to be used in chief, and that he had not raised the question or complained that the post-office address was not correctly given.

The defendant does not insist that, by reason of the fact that the post office being incorrectly given, his rights had been prejudiced, but insists that under the constitutional provisions of section 20, article 2, the state is required in capital cases at least two days before the case is called for trial to furnish the defendant with a list of witnesses that would be called in chief to prove the allegations in the indictment or information, together with their post office address.

This question has been before this court many times, and has been raised by the defense in different ways. In Addington v. State, 8 Okla. Cr. 703, 130 Pac. 311, in the second paragraph of the syllabus the court stated:

"Section 20 of the Bill of Rights provides: 'In all criminal prosecutions the accused shall have the right * * * to be heard by himself and counsel, and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post-office addresses.' Held, that it would be error to allow witnesses to testify against him in chief whose names have not been so furnished, if he seasonably asserts his constitutional right. But if he fails to object to going to trial on this ground, but announces ready for trial, he cannot afterwards avail

himself of this objection; and the constitutional right given him by this section will be waived."

The record in this case shows that the defendant announced ready for trial and went to trial without raising the question that the post-office address of Andrew Miller, a witness for the state, had been incorrectly given. When the defendant announced ready for trial, and the trial was begun without raising the objection, he waived this constitutional right as he had a right to do.

In McKee v. State, 38 Okla. Cr. 132, 259 Pac. 607, in the first paragraph of the syllabus the court said:

"Section 20, art. 2 of the state Constitution requires that in capital cases at least two days before the case is called for trial a defendant shall be furnished with a list of the witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post-office addresses. It is the duty of the prosecuting officer to comply with this provision of the Constitution, and it is error for a trial court to require a defendant to proceed to trial where this provision of the Constitution has not been complied with unless it has been waived."

This court has often held that this provision of our Constitution should be construed in the reason and spirit of the Constitution, and may be waived. State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; Franklin v. State, 9 Okla. Cr. 178, 131 Pac. 183; Pollock v. State, 26 Okla. Cr. 196, 223 Pac. 210.

Many cases are cited by the defendant in support of his contention that the court committed error in permitting Andrew Miller to testify over the objection of the defendant, for the reason that the post-office address of the witness was incorrectly stated. These cases have been carefully examined by the court, and they state good law when applied to the facts in the record in which

the questions were raised, but in each of the cases they specifically state that it is error to permit the witness to testify, whose name has not been served on the defendant at least two days before being forced to trial, giving the name of the witness and his post-office address, unless the same has been waived. Ferguson v. State, 53 Okla. Cr. 317, 11 Pac. (2d) 211.

In this case it clearly appears that the defendant waived his constitutional right by announcing ready for trial, and not raising the question until the witness Miller was called to testify. Considering the facts stated in the record, the court did not err in permitting Andrew Miller to testify, over the objections of the defendant.

In this case the defendant was ably defended and his rights were properly protected by his attorneys, and he was fortunate indeed that the jury found him guilty of manslaughter in the first degree and fixed the punishment at ten years, as under the facts in the case he might have been convicted of murder. Considering the defendant's own testimony, he is guilty of manslaughter in the first degree, if not murder. He abandoned the difficulty in the street and went in to his home and got a pistol and came out and began shooting at Frank Cole, the father of the deceased.

The defendant was accorded a fair and impartial trial. There are no errors in the record warranting this court in reversing the case. After a careful consideration of all of the facts and circumstances surrounding the killing, the court does not feel it would be justified in modifying the judgment. The judgment of the trial court is affirmed.

DOYLE, J., concurs. BAREFOOT, J., absent, not participating.