Ex parte CLARENCE MERTON.

No. A-11169.　April 6, 1949.

(205 P. 2d 340.)

Clarence Merton, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is a petition for writ of habeas corpus brought by Clarence Merton, an inmate in the penitentiary, wherein he seeks his release from the custody of C. P. Burford, warden of the State Penitentiary.

In his petition he alleges the cause of his restraint is the judgment and sentence and commitment to life imprisonment entered against him on March. 6, 1947, in the district court of Tulsa county, wherein he was charged with the crime of first degree murder. In said petition and the brief in support thereof it further appears that his case was called for trial and he announced ready. Without objection thereto on his part, the case was tried to a jury which had retired for deliberation and had been out some 10 hours. It further appears that thereafter by and with the advice of his counsel he determined to withdraw his plea of not guilty and enter a plea of guilty to said charge. This he did, whereupon the trial court sentenced him to life imprisonment. It further appears that thereafter said judgment and sentence was not at-

tacked by motion for new trial or otherwise, and said proceedings have never been questioned until the petition for a writ of habeas corpus was filed.

Specifically, this petitioner says that he was denied the right to be served with a list of the witnesses. Under the facts as they appear in the petition he waived such right by his failure to object thereto and by announcing ready for trial. Van Brunt v. State, 62 Okla. Cr. 188, 70 P. 2d 1103; Huffman v. State, 46 Okla. Cr. 377, 287 P. 1090.

Further he contends that he was denied the right to a speedy trial. This right, too, is waived by proceeding to trial without objection. Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P. 2d 172.

Under the state of the record as hereinbefore set forth when the petitioner announced ready for trial and entered his plea of guilty, he waived any objections which he might have raised to any irregularities in the proceedings, except such as would go to jurisdiction. As was said in Ex parte Gilbert, 71 Okla. Cr. 268, 282, 111 P. 2d 205, 211, quoting from Starr v. State, 5 Okla. Cr. 440, 115 P. 356, 367:

" 'Generally speaking, the constitutional provisions guaranteeing to every accused person in a criminal action certain rights may be separated into two classes. First, those in which the public generally, and as a community, is interested, as well as the accused, and which are jurisdictional as affecting the power of the court to try the cause, second, those more in the nature of privileges which are for the benefit of the accused alone, and do not affect the general public. The former cannot be waived. Jurisdiction to try the cause is conferred by the law. Consent cannot confer jurisdiction, but the accused may waive a constitutional right or privilege de-

signed for his protection, where no question of public policy is involved. * * *

" 'Where a constitutional right in a criminal cause is largely for the benefit of the accused or in the nature of a personal privilege, the law is well settled that an accused may waive such right. * * *' "

In the Gilbert case, supra, this court said 71 Okla. Cr. at page 285, 111 P. 2d at 213:

"Certainly a plea of guilty with the advice and consent of counsel at every step of the proceedings, as the facts in this case reveal, the defendant had the right to enter his plea of guilty and to waive the rights guaranteed to him under the Constitution and laws of this state."

All the objections raised in the case at bar by petitioner relate to personal privileges, which be waived under the facts and the authorities hereinbefore set forth.

Further petitioner alleges and argues in his brief that his conviction was without due process of law in that he alleges he was misrepresented by his counsel who failed and neglected to file a motion for a new trial in his behalf. On this point he concedes that he was unable to find any authority to support this contention. We are convinced there are none which would afford relief in habeas corpus on this ground. The reason there is none is quite obvious. The only questions open to inquiry on habeas corpus are those where the jurisdiction of the court are in question. Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18. These questions are limited to the determination of the propositions, did the court have jurisdiction of the person, jurisdiction of the subject matter and authority under the law to pronounce the judgment and sentence rendered. Ex parte Matthews, 85 Okla.

Cr. 173, 186 P. 2d 840; Ex parte Cartwright, 88 Okla. Cr. 206, 201 P. 2d 935; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; In re Swaim, 66 Okla. Cr. 30, 38, 89 P. 2d 363; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Newman, 67 Okla. Cr. 401, 94 P. 2d 556; Ex parte Davis, 68 Okla. Cr. 29, 95 P. 2d 915; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129. Here all the foregoing requisites to jurisdiction were present, to the rendition of a valid judgment.

The petition herein is entirely insufficient to attack the judgment and sentence and commitment herein on any of the last hereinbefore mentioned grounds, and the writ of habeas corpus herein sought is accordingly denied.

JONES, P. J., and BAREFOOT, J., concur.