**Kenneth John CODY, Appellant,**

v.

**The STATE OF OKLAHOMA and Ray Page, Warden of Oklahoma State Penitentiary, Appellees.**

**No. 8657.**

United States Court of Appeals
Tenth Circuit.

July 1, 1966.

Richard I. Stephenson, Wichita, Kan., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the District Court for the Eastern District of Oklahoma denying appellant's petition for a writ of habeas corpus. Appellant is presently imprisoned pursuant to a state sentence imposed after a conviction for rape. His case has been given full consideration by the Oklahoma state courts both upon direct appeal, Cody v. State, Okl.Cr., 361 P.2d 307, 84 A.L.R.2d 997; Cody v. State, Okl.Cr., 376 P.2d 625, and upon petition for post-conviction relief. Cody v. State, Okl.Cr., 403 P.2d 520. Many of the contentions presented to the federal district court as constitutional issues were considered by the Oklahoma appellate court upon direct appeal and determined by that court to lack merit. Such contentions include an attack upon the validity of the information, claims of misconduct by both the prosecution and the jury, and the improper admission of inflammatory and prejudicial evidence. See Cody v. State, Okl.Cr., 376 P.2d 625. We have carefully examined the state case-made, as did the trial court, and conclude that state procedures have not denied to appellant any constitutional right.

■ The petition for the great writ also contained an allegation that the prosecution knowingly presented perjured testimony at the state trial and upon this issue the federal trial court conducted an evidentiary hearing. The alleged perjury consisted of the testimony of one McKelly who, in the instant proceedings, testified that he was coerced by the county attorney to give false testimony at appellant's trial. The state record shows, however, that McKelly did not testify at the trial of appellant that resulted in his ultimate conviction but

testified only at an earlier trial that was set aside by the Oklahoma court. Cody v. State, Okl.Cr., 361 P.2d 307. The state records also show that McKelly was subsequently convicted of the same rape as appellant, a judicial determination directly denying the truthfulness of McKelly's present testimony that he did not have intercourse with the victim of the rape. Under these circumstances, the testimony of McKelly, though uncontradicted in the present proceedings, needs be given no credence.

Affirmed.