**James Dwain HAMPTON, Petitioner,**

**v.**

**The STATE OF OKLAHOMA and Ray H. Page, Warden, Respondents.**

**Civ. No. 66–510.**

United States District Court
W. D. Oklahoma.

May 2, 1967.

John McKee, Oklahoma City, Okl., for petitioner.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The petitioner, James Dwain Hampton, a state prisoner, complains that he was denied a speedy trial by the State of Oklahoma in violation of his constitutional rights. Pursuant to Hampton v. State of Oklahoma, et al., (Tenth Cir.– 1966) 368 F.2d 9, an evidentiary hearing was conducted in this Court after the case was transferred to this District from the Eastern District of Oklahoma pursuant to 28 U.S.C. § 2241(d). Counsel was appointed by the Court for the petitioner.

The Court finds from the evidence that an information was filed in Kiowa County, Oklahoma, on February 26, 1964, charging the petitioner and one Clarence Taylor with the crime of murder alleged to have been committed on February 25, 1964. The petitioner engaged privately retained counsel. A preliminary examination was requested and conducted before a Justice of the Peace. The petitioner was bound over to State District Court. On April 1, 1964, the petitioner was arraigned in State District Court, he entered a plea of not guilty and a severance was granted at the petitioner's request. On May 14, 1964, a petition in the nature of habeas corpus was filed in the District

Court by the petitioner in which he requested his discharge or that bail be set. This petition was heard on June 3, 1964, and denied. Petitioner was tried before a jury on November 18, 1964, found guilty and sentenced to life imprisonment. The petitioner was confined from the time of his arrest on February 26, 1964, until his jury trial and thereafter by reason of his conviction. Kiowa County is a lightly populated county in southwestern Oklahoma with a population of approximately 18,000. The State District Judge serves Kiowa and three other counties. Normally only one jury term of Court is held each year in Kiowa County for both civil and criminal cases and such term is usually held in the month of November. No jury term of Court was held in Kiowa County from the date the information herein was filed until the November session at which the petitioner was tried and convicted. Five criminal and four civil cases comprised the entire jury docket for the November session.

The petitioner asserts herein that he made demand for an earlier trial and that he suffered prejudice by the lapse of time involved because he could not locate certain witnesses to support his defense of alibi. The defendants deny that the petitioner, or anyone for him, ever made a demand for an earlier trial and deny that the petitioner suffered any prejudice by the lapse of time involved because the petitioner after the time of the murder involved herein did not have and was not able to locate or identify or produce by name any witness to testify in support of his alibi defense.[1]

The evidence is in conflict regarding the claim of the petitioner that he made a demand for an earlier trial. The record of the State case does not reveal that such a demand was made. The petitioner and his father testified that such a demand was made at the habeas corpus hearing, which hearing was not officially reported at the request of petitioner's counsel. The Clerk of the State Court knew of no such demand in the case. However, she was not personally present at the habeas corpus hearing. The prosecuting attorney testified that he did not, at any time, receive or hear such a demand by the petitioner or by anyone on behalf of the petitioner. This included the habeas corpus hearing which the prosecuting attorney attended.

From the evidence presented on this point, the Court finds and concludes that the petitioner did not at any time either make a demand for an earlier trial or object to the passage of time before he was tried to a jury. The Court further finds that the said habeas corpus hearing was devoted to the matter of requesting that bond be fixed for the petitioner and a demand for a speedy trial was not made at or involved in such hearing. The said Petition for Habeas Corpus made no mention of a request for a speedy trial. The Court further finds that no objection was made when the jury trial started that the petitioner had not been afforded a speedy trial. Nor was it mentioned on appeal. See Hampton v. State, Okl.Cr., 407 P.2d 210. Moreover, it does not appear reasonable or logical to the Court that the petitioner herein would be demanding a speedy trial when his defense was alibi and he had been unable and is still unable to locate or produce any witnesses to support such defense. It would be more logical and reasonable to conclude that the petitioner, instead of demanding a speedy trial in these circumstances, would be in the posture of requiring more time within which, through his attorneys and relatives, to locate his alibi witnesses if they, in fact, ever existed.

With reference to the claim of prejudice in being unable to locate certain witnesses, the evidence reveals that Taylor, who was charged with the petitioner,

---

1. The petitioner claimed he was in a restaurant in Altus, Oklahoma, when the murder was committed in a tavern in Snyder, Oklahoma. 23 miles separate these two towns.

claims that on the afternoon of the murder he met a girl for the first time in a steak house in Oklahoma City whom he knew only as Blackie; that later about 6:00 P.M. of said day the petitioner claims he met Blackie for the first time at said steak house in Oklahoma City; that petitioner and Taylor claim that they drove that evening to Altus, Oklahoma from Oklahoma City with Blackie; that Taylor left Blackie and the petitioner in a restaurant in Altus, took the car and was gone for about two hours; that Blackie left the restaurant shortly after Taylor left and no one has seen or been able to locate her since. The murder took place that evening at Snyder, Oklahoma.

Regarding the Altus restaurant, the petitioner was unable to identify it by name and no one for him has ever been able to locate it by name or anyone connected with it who could testify that the petitioner was in the same on the night of the murder. The defendants offered evidence that the prosecution attempted to locate the alleged Blackie and the Altus restaurant and any witnesses therein all to no avail. The prosecution did not withhold or conceal any information as to the identity or location of the alleged Blackie or any restaurant witnesses and the Court so finds.

The petitioner testified that two witnesses saw Blackie with him in the steak house in Oklahoma City on the day of the murder. However, the evidence reveals that one of these witnesses was at the trial of the petitioner but was not used as a witness and the other was available in Oklahoma City but no attempt was made by the petitioner to procure his presence or testimony for the trial. These witnesses were, therefore, never lost to the petitioner.

■■■ Mere passage of time does not establish an unconstitutional denial of a speedy trial or due process. Hampton v. The State of Oklahoma, et al., supra; Story v. Hunter, (Tenth Cir.–1947) 158 F.2d 825; Wood v. United States, (Tenth Cir.–1963) 317 F.2d 736. Nor can a defendant sit by without effort to obtain an earlier trial and thereafter be heard to complain. Hampton v. The State of Oklahoma, et al., supra; Keller v. Tinsley, (Tenth Cir.–1964) 335 F.2d 144; Morland v. United States, (Tenth Cir.–1951) 193 F.2d 297; Pietch v. United States, (Tenth Cir.–1940) 110 F.2d 817, 129 A.L.R. 563. The right to a speedy trial is relative and must be determined in the light of the circumstances of each case. Hampton v. The State of Oklahoma, et al., supra; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Gorko v. Commanding Officer, Second H. F., Shreveport, La., (Tenth Cir.–1963) 314 F.2d 858. Where a defendant is tried as soon as the orderly conduct of the Court's business permits, the requirements of due process are met. Hastings v. McLeod, (Tenth Cir.–1958) 261 F.2d 627; Wood v. United States, supra; McDonald v. Hudspeth, (Tenth Cir.–1940) 113 F.2d 984.

The State of Oklahoma has constitutional provisions regarding the right to a speedy trial [2] and certain statutory provisions have been enacted to interpret and define the Oklahoma constitutional

2. Article II, Section 6, of the Oklahoma Constitution provides as follows:
"§ 6. Courts of justice open—Remedies for wrongs—Sale, denial or delay
The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."
Article II, Section 20, of the Oklahoma Constitution, provides in part as follows:

"§ 20. Rights of accused in criminal cases
In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed or, where uncertainty exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates the crime might have been committed."

requirement for speedy trial. None of these provisions offend the United States Constitution and no claim is made herein that they do. 22 Oklahoma Statutes 812, which has been approved and applied in this Circuit, Hastings v. McLeod, supra, provides as follows:

"§ 812. Next term, dismissal when not brought to trial at

If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

"Term of court" as used in the foregoing statute, is defined in 20 Oklahoma Statutes 95, as follows:

"§ 95. Terms of district court—Time —Commencement and duration

Two regular terms of the District Court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation of law at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

The provisions of Oklahoma law (22 Oklahoma Statutes 812) requiring trial not later than the next term of court following indictment or information were met in this case. This law has been held to constitute the legislative construction or definition of the Oklahoma constitutional requirement of a speedy trial. Ex Parte Menner, 35 Okl.Cr. 252, 250 P. 541; McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; Gregory v. State of Oklahoma, Okl.Cr., 309 P.2d 1083.

■ The failure of a defendant to demand an earlier trial is fatal to his request for discharge under habeas corpus, made either by a defendant convicted in State Court or by a defendant convicted in Federal Court. Hastings v. McLeod, supra. In Ex Parte Merton, (1949) 89 Okl.Cr. 76, 205 P.2d 340, the Oklahoma Supreme Court said the right to a speedy trial is waived by proceeding to trial without objection. The rule in the federal courts is to the effect that an accused is not entitled to a discharge for delay in bringing him to trial unless it appears that he has resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the State accorded him. It is, therefore, ordinarily deemed that a defendant, in the absence of such effort, has waived his right to a speedy trial under the Constitution and statutes in aid thereof. 57 A.L.R.2d 302 at page 326.

■■ In treating with the aforementioned two-term rule enacted by the State Legislature of Oklahoma (22 Oklahoma Statutes 812), the Oklahoma Courts have held that one free on bond must make demand for a trial or else cannot be heard to complain of the trial accorded him by the State, but that if a defendant is confined and denied bail that the law demands a speedy trial for him. Gregory v. State of Oklahoma, supra; Brown v. State, Okl.Cr., 384 P.2d 54; Snow v. Turner, Okl.Cr., 406 P.2d 509. It is not clear, however, from reading the Oklahoma cases on this point as to whether the demand deemed to be made by the law relates to the period of time within the two-term rule or becomes a demand and operative at the end of the two-term rule and applies exclusively to the burden then placed on the State of Oklahoma after the passage of the two terms to show good cause for the delay of the trial past the period of two court terms. The Oklahoma cases in which it is held that the law demands a speedy trial all involve delays past the two terms of court. It is believed that the proper

treatment of this point, in the absence of clear State enunciation thereon, is that a defendant, even though confined by denial of bail or inability to make fixed bail, must make a demand for a speedy trial if he is tried by the State within the two-term rule or else he is deemed to have waived his right to a speedy trial under the Constitution and laws of the State of Oklahoma. If, however, a trial is not accorded a defendant by the State of Oklahoma within its two-term rule and the burden is then cast upon the State to show good cause for the delay or else the defendant must be discharged, in these circumstances the State of Oklahoma may not, as a means of establishing good cause, urge or bring out that the defendant has not at any time demanded a speedy trial. In other words, if the State of Oklahoma accords a trial within the two-term rule it has met its requirements of a speedy trial and for the defendant to urge the lack of a speedy trial for failing to have such at an earlier time within the two-term rule he must, as a prerequisite to such claim, establish that he, in fact, had demanded an earlier trial than that accorded him by the State of Oklahoma, whereas, if the State of Oklahoma allows the two terms to pass without trial the matter of a demand for a speedy trial by the accused is rendered immaterial and the State of Oklahoma must otherwise show good cause for the delay beyond the two-term period.

■ Therefore, in the circumstances of this case, with the defendant being accorded a jury trial within the two-term rule in Oklahoma and the foregoing factual finding of this Court under the evidence presented that the petitioner herein did not at any time make demand for jury trial earlier than the one given him on November 18, 1964, the Court finds and concludes that the petitioner has waived his right to a speedy trial under the Constitution and statutes in aid thereof in the State of Oklahoma. Moreover, the foregoing pertains to Oklahoma Statutes and case law. The United States has no two-term law. It is the

federal law and the same was set out in the opinion of our Circuit requiring an evidentiary hearing in this case that a defendant cannot sit by without effort to obtain an earlier trial and thereafter be heard to complain. Hampton v. State of Oklahoma, et al., supra; Hastings v. McLeod, supra; 57 A.L.R.2d 302 at page 326. Under federal law the petitioner not having demanded an earlier trial has waived his right to a speedier trial and cannot now be heard to complain.

If, however, the Court is in error in the foregoing conclusions, there is yet another reason why the petitioner cannot prevail on his claim of being deprived of a speedy trial. The case of United States v. Fay, (Second Cir.–1963) 313 F.2d 620, provides that an accused must prove that the delay of his trial precluded a fair determination of the charges against him. In this connection, this case states that four factors are relevant and are to be considered together since they are interrelated. One of these factors is the requirement for the accused to show that the delay complained of resulted in some prejudice to him. This case also realistically states that it is proper to consider that a delay in trial is usually welcomed by a defendant and usually operates in favor of a defendant. The case of Urquidi v. United States, (Ninth Cir.–1967) 371 F.2d 654, provides that one was not deprived of his constitutional right to a speedy trial where no claim was made that fairness of the trial was affected by the delay; that counsel's preparation for trial was hampered, that the testimony of any witness was lost, or that anything else prejudicial occurred by reason of the delay.

Therefore, before the petitioner herein is entitled to the relief requested he must establish that he has sustained some prejudice as a result of being charged on February 26, 1964, and not being accorded a jury trial on the charge until November 18, 1964. In connection with this point, the Court has outlined above the claim by the petitioner of prejudice suffered by him as the result of the foregoing time sequence and the evidence

with reference to such claimed prejudice. The Court finds and concludes from such evidence that the petitioner suffered no prejudice and has shown none resulting from the time sequence involved. It became apparent to this Court during the hearing that the petitioner's real complaint was that he was denied bail and confined in his cell which deprived him of the opportunity of being freed so that he himself might find his alleged alibi witnesses. This position and complaint obviously has no merit for this was a capital case and the petitioner was legally denied bail in the discretion of the State District Judge. Moreover, the petitioner had the services of two capable lawyers prior to his preliminary examination, at his preliminary examination, at his habeas corpus proceeding, during the interim period and at his jury trial and on appeal. In addition, his father and other members of his family were actively attempting to locate his claimed alibi witnesses to no avail. When one charged with a capital offense is denied bail and his freedom it necessarily follows that he must look to others such as attorneys and relatives to prepare for his defense. There is nothing unconstitutional about this situation. No request by the petitioner was made to the Court to assist him in any manner in locating his alleged alibi witnesses, except perhaps his request to be set free on bail which, as stated above, was legally denied by the Court in the circumstances of this case.

The Court, therefore, finds and concludes that the petitioner suffered no prejudice by the time sequence in this case. To the contrary this amount of time should have worked to his advantage in his effort to locate his alleged alibi witnesses, if they ever existed. It is quite clear and the Court finds that by the passage of time involved in this case the petitioner did not lose any witnesses or their testimony which he claims would support his alibi defense. Rather, the Court finds that these alleged alibi witnesses were never in the possession of the petitioner after the murder and, therefore, could not have been lost by him. If the petitioner could have established by evidence herein that he had these witnesses after the murder was committed and was able to produce them to support his alibi defense and then by reason of the claimed delay he lost these witnesses by death or otherwise, then the petitioner may have something upon which to base a claim of prejudice. But such is not the evidence or the situation in this case. Thus, the Court finds and concludes that the jury trial accorded the petitioner on November 18, 1964, did not preclude a fair determination of the charges against him, did not prejudice him in any way, did not hamper his counsel in trial preparations and did not cause the petitioner to lose the testimony of any witness.

There remains one other point for consideration which is pertinent to this case. In United States v. Grabina, (Second Cir.–1962) 309 F.2d 783, it is stated that passage of time alone may not require a defendant's discharge but delay in trial must partake of the purposeful and oppressive, or even smack of deliberate obstruction on the part of the prosecution or the Government before relief will be granted. Also see Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393, (1957). There is no evidence before the Court in this case that the claimed delay was either purposeful or oppressive on the part of the State of Oklahoma. In this connection, the Court finds and concludes under Oklahoma law that the orderly conduct of the business of the District Court in and for Kiowa County, Oklahoma, in 1964, in view of the volume of jury business, as heretofore set out, did not require more than one jury term per annum and to follow a usual pattern in the absence of some showing that an accused has demanded an earlier trial, has been refused such demand and is then able to show prejudice by any consequent delay. And the evidence fails to show deliberate obstruction on the part of the State of Oklahoma by the time sequence herein. The petitioner also urges that

he was not given an earlier trial because of lack of funds and points to a statement by the Court Clerk of Kiowa County, Oklahoma,[3] and cases which hold that lack of funds is no excuse for failure to accord a speedy trial. In Re *Gregory*, supra and cases cited therein. But there was no evidence presented that Kiowa County did not try the petitioner at an earlier date because of lack of funds. To the contrary there was evidence that the trial could have been advanced from the customary month had the petitioner demanded such. The Court finds no merit in this contention.

The petitioner's Application for Writ of Habeas Corpus should be denied. Counsel for respondents will prepare an appropriate Order in accordance with the foregoing and present the same to the Court for entry and filing herein.

---

3. This statement is: "Ours is a poor county and we are doing good to have one Jury term a year."