Kenneth John CODY, Petitioner,

v.

Ray H. PAGE, Warden, et al., Respondents.

No. A–14816.

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1968.

Kenneth John Cody, pro se, petitioner.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Kenneth John Cody, Sr., seeks a writ of habeas corpus. Petitioner is presently in-

carcerated in the Oklahoma State Penitentiary by authority of judgment and sentence entered in District Court of Oklahoma County where he was found guilty of the crime of rape in the first degree and his punishment fixed at ninety-nine years imprisonment. Petitioner, in his petition filed pro se, listed three contentions in support of his application. Subsequently, in an amended petition by Petitioner's trial attorney, four additional contentions were argued.

Petitioner's original conviction on this charge fixing his punishment at ninety-nine years was reversed by this Court on appeal for the failure to elect which act of sexual intercourse was being relied upon for conviction. Cody v. State, Okl.Cr.App., 361 P.2d 307, 84 A.L.R.2d 997. Petitioner was tried again, found guilty, and his second conviction affirmed by this Court. Cody v. State, Okl.Cr.App., 376 P.2d 625.

■ (1) Petitioner's first challenge to the judgment and sentence is that he was prosecuted under authority of an information rather than being prosecuted by an indictment rendered by a grand jury as required by the Fifth Amendment of the United States Constitution. This argument has been raised before in this Court and we have consistently held that in Oklahoma a prosecution may be by indictment or information, and a prosecution by information does not violate the Fifth or Fourteenth Amendment of the United States Constitution. Sisson v. State, Okl.Cr.App., 426 P.2d 379. Oklahoma Constitution, Article II, § 17.

■ (2) Secondly, Petitioner alleges that he was denied the right to a speedy trial. Apparently Petitioner contends that he was denied a speedy trial due to the length of time between the initial filing of an information against him and the time of his second trial. It is clear, however, from a review of the record that the State afforded Petitioner a speedy trial. On December 4, 1959, a preliminary information was filed against the Petitioner. On February 19, 1960, a jury found Petitioner guilty and judgment and sentence was pronounced on March 11, 1960. This judgment was reversed and the cause remanded for a new trial on April 5, 1961. The second trial began on June 12, 1961, with judgment and sentence pronounced on June 23, 1961. A review of these dates clearly indicates that Petitioner was not denied a speedy trial nor prejudiced by an unnecessary delay in the proceedings against him.

■ (3) Thirdly, Petitioner argues that he was somehow prejudiced by the amended information used in the second trial. This contention is clearly without merit in this habeas corpus proceedings, as it was fully considered and answered in the opinion of this Court when the second conviction was affirmed. Cody v. State, Okl. Cr.App., 376 P.2d 625.

■ (4) Petitioner's amended petition alleges that he was denied a fair trial due to adverse publicity. In substance it appears that this matter was dealt with by this Court on appeal and there is no indication that there was such adverse publicity as would require a new trial under the ruling of this Court in Shapard v. State, Okl. Cr.App., 437 P.2d 565. We further find it significant that Petitioner filed a "Demand for Public Trial" stating that:

> "* * * to exclude any newspaper reporter, radio newscasters or television newscasters and equipment would be to deny to this defendant his right to a public hearing, as guaranteed to him * *."

It would seem that Petitioner actually invited a "carnival atmosphere" such as that attacked by the United States Supreme Court in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, although there is no indication that such resulted in the instant case. Petitioner would appear to be in an untenable position where he first demanded such a public trial and now claims that he was prejudiced thereby. Accordingly, we find no merit or substance to the argument that Petitioner was denied a fair trial due to prejudicial publicity.

■ Also related to the contention of prejudicial publicity, Petitioner specifically

alleges that the jury had in its presence a newspaper story relating to Petitioner's original trial and his sentence for ninety-nine years. This matter was expressly dealt with by this Court on appeal as will be noted by a review of our opinion. Cody v. State, Okl.Cr.App., 376 P.2d at 630, 631.

■ (6) It is further alleged that Petitioner was denied a fair trial in that prospective jurors were excused from the jury who were opposed to the imposition of capital punishment. The rule that a juror cannot be challenged for cause on the sole ground that he is opposed to capital punishment, and that a death sentence cannot be executed if imposed by a jury from which prospective jurors have been removed for cause who, without more, are opposed to capital punishment is not applicable in a case where a jury had recommended a life sentence. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). For the same reason the rule announced in Witherspoon v. Illionis, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), would not be applicable in a situation where the defendant received a ninety-nine year sentence.

■ (7) Finally, it is alleged that Petitioner was denied a fair trial in that a statement by the defendant which was made in the absence of counsel was introduced into evidence. Again this is a question which have been raised on appeal. However, if Petitioner seeks to take advantage of the rule announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, it is futile in the instant case as Petitioner's trials were conducted and the conviction affirmed prior to the date of that decision. As this court held in Barnett v. State (Oct. 16, 1968), 446 P.2d 89, the Miranda guidelines are applicable only to those trials beginning after July 13, 1966.

Therefore, we find no merit in the allegations offered by the Petitioner in support of his petition even if evidence were offered in support of his contentions. Accordingly, there would be no reason to grant an evidentiary hearing. The issues urged by Petitioner are without merit and fail to state circumstances that would warrant the granting a writ of habeas corpus. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.