Kenneth John CODY, Sr., Petitioner,

v.

Ray H. PAGE, Warden, and the State of
Oklahoma, et al., Respondents.

Civ. No. 68–517.

United States District Court
W. D. Oklahoma.

Feb. 24, 1969.

Kenneth John Cody, Sr., pro se.

Dale Crowder, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, District Judge.

Petitioner, a state prisoner serving 99 years for first degree rape, proceeds herein by Habeas Corpus pursuant to 28 U.S.C. § 2254. He raises three Complaints as grounds for the Writ, as follows:

1. Petitioner was proceeded against by Information and was denied his right to be indicted by a Grand Jury of the State of Oklahoma,

2. Petitioner was not afforded a speedy trial in that his first conviction was reversed on appeal and he was thereby subjected to a second trial, and,

3. Petitioner's rights to be informed of the nature of the charge against him and to be confronted with witnesses against him were violated by the filing of an Amended Information against him prior to his second trial.

The Respondents concede that Petitioner has exhausted his state remedies on the above Complaints as required by 28 U.S.C. § 2254. See Cody v. Page, Okl.Cr., 447 P.2d 466.

An examination of the pertinent records and case law reveals that each of the

Complaints raised herein by the Petitioner is wholly without validity or merit as a matter of law and, therefore, his Petition for Writ of Habeas Corpus should be dismissed.

■■ As to Complaint 1 above, it is settled beyond argument that a state may proceed by an Information in a criminal case and need not proceed by way of grand jury Indictment. Proceeding by way of Information, as done herein by the State of Oklahoma, does not violate the Federal Constitution. Williams v. Page, 289 F.Supp. 661 (E.D.Okl. 1968); Hampton v. State of Oklahoma, 368 F.2d 9 (Tenth Cir. 1966); Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340.

[3] As to Complaint 2 above, a review of the record reveals that on December 4, 1959, a Preliminary Information was filed against the Petitioner. On February 19, 1960, a jury found the Petitioner guilty and judgment and sentence was pronounced on March 11, 1960. This judgment was reversed, Cody v. State, Okl.Cr., 361 P.2d 307, 84 A.L.R.2d 997, and the cause remanded for a new trial on April 5, 1961. The second trial began on June 12, 1961, in which the Petitioner was again found guilty and judgment and sentence was pronounced on June 23, 1961. This conviction was affirmed by the Oklahoma Court of Criminal Appeals on November 7, 1962, by Cody v. State, 376 P.2d 625. Petitioner's complaint that his right to a speedy trial was violated is based on the lapse of time involved in being subjected to two trials by reason of the first trial being reversed. Petitioner cites the case of Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1966). This case is not in point.[1] A reversal and the requirement of a second trial does not per se constitute a violation of

the right to a speedy trial. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773 15 L.Ed.2d 627 (1966). A review of the above mentioned dates clearly indicates that the Petitioner was not denied a speedy trial even though tried twice. The State of Oklahoma, operates under a two-term rule with reference to a speedy trial. Oklahoma Constitution, Article 2, Sections 6 and 20; 22 Oklahoma Statutes 812. There are two regular Court terms each year, one starting the first Monday in January and the other the first Monday in July. 20 Oklahoma Statutes 95. Said two-term rule requires the trial of a criminal case no later than the second term after the filing of an Indictment or Information. Each trial had herein fully met such rule and thus satisfied the requirement of a speedy trial. Our Circuit in Hastings v. McLeod, 261 F.2d 627 (Tenth Cir. 1958), has considered the federal requirement of a speedy trial with reference to the Oklahoma two-term rule prescribed by 22 Oklahoma Statutes 812, and has determined that procedure thereunder satisfies the federal constitutional requirement. In Hampton v. Oklahoma, 267 F.Supp. 667 (W.D.Okl.1967), affirmed Tenth Circuit, Hampton v. Oklahoma, November 14, 1967, Case No. 9594, November Term, 1967, the court held that 22 Oklahoma Statutes 812 and 20 Oklahoma Statutes 95 do not offend the federal guaranty of a speedy trial. Petitioner's first trial was conducted only slightly over two months after the filing of the Information. His second trial was likewise conducted only slightly over two months following the reversal of the first conviction. In these circumstances, his federal right to a speedy trial was not violated by the State of Oklahoma. See Hampton v. Oklahoma, 267 F.Supp. 667 (W.D.Okl.1967). Moreover, in Cody v.

---

1. Klopfer v. North Carolina condemned North Carolina criminal procedure whereby a criminal case over objection of the defendant may be subjected to nolle prosequi, that is, indefinitely placed in dormant status and the defendant discharged but the case not terminated and subject to being restored to the trial docket when so ordered by the judge on the prosecutors application. The Supreme Court found this procedure to violate the right to a speedy trial. This situation is not present in the case at hand.

Oklahoma, 362 F.2d 802, our Circuit said:

"We have carefully examined the state case-made, as did the trial court, and conclude that state procedures have not denied to appellant any constitutional right."

 As to Complaint 3 above, the filing of an Amended Information is a permissible procedure and does not violate any provision of the federal constitution. Title 22, Oklahoma Statutes, Section 304, provides that an Information may be amended in matters of substance or form at any time before the Defendant pleads without leave of Court. This statute was followed herein and no complaint is made that it was not. Petitioner complains that because of said Amended Information, he was denied the right to be informed of the nature of the charge against him. The Amended Information, of course, set out the charge against the Petitioner for which he stands convicted. This contention was rejected in United States v. Ewell, supra, at footnote 8. In this connection, it is proper to observe that the Petitioner did not plead guilty and now complains that he was not advised of the nature of the charge to which he plead guilty. Rather, he plead not guilty and was tried on the charge set out in the Amended Information. Petitioner had counsel throughout the proceedings. Moreover, his complaint in this regard is a bald conclusion and sets forth no facts upon which it might be found that the contents of the Amended Information were withheld from him and his attorney and is thus legally insufficient. Martinez v. United States, 344 F.2d 325 (Tenth Cir. 1965). Petitioner further complains that because of said Amended Information he was denied his right to be confronted by the witnesses against him. It is not seen how the Amended Information could have violated this right. Here, again, Petitioner pleads a bald conclusion and states no facts in support of this conclusion. Martinez v. United States, supra. Petitioner was tried before a jury and found guilty. The witnesses testifying against him appeared before the jury and the Petitioner. He was confronted by the witnesses who appeared against him.

There being no merit to any of the Petitioner's complaints as a matter of law, his Petition for Writ of Habeas Corpus is dismissed.