**Patrick N. LEDGERWOOD,
Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14716.**

Court of Criminal Appeals of Oklahoma.

April 30, 1969.

John H. Tharp, Jr., Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., S. M. Fallis, Jr., Dist. Atty., Ted Flanagan, Asst. Dist. Atty., for defendant in error.

BRETT, Presiding Judge.

Patrick N. Ledgerwood, hereinafter referred to as defendant, was charged in the District Court of Tulsa County jointly with David Lawrence Graham, with the unlawful Sale of Marijuana. Graham entered a plea of guilty prior to the trial, and the case proceeded against Ledgerwood. A motion to suppress evidence was filed and overruled, and the defendant was arraigned, entered a plea of not guilty, and the case was set for trial on the December 1967 jury docket.

On December 5, 1967, a jury was empaneled to try the cause. The State presented evidence and the case was continued to December 6th. The defendant testified in his own behalf and after both sides had rested, and just before the court started to instruct the jury, the defendant's counsel, Mr. John H. Thorp, Jr., interrupted the proceedings with the announcement that the defendant wished to withdraw his plea of not guilty and enter a plea of guilty.

The defendant thereupon did enter a plea of guilty. Before accepting the defendant's plea of guilty, the court interrogated the defendant, carefully advised him of his rights, ascertained that the plea was voluntary, and was made with full knowledge of the consequences. The defendant informed the court that he was entering the plea because he was guilty of the offense charged (CM 187–191).

On January 3, 1968, the court sentenced the defendant to a term of 18 months and informed the defendant of his right to appeal. A motion for New Trial was filed on January 9th and overruled. Written notice of intent to appeal was filed in open court, and appeal bond was set.

On appeal, the defendant argues three propositions: First, to suppress evidence obtained by illegal entry; Second, a plea of entrapment; and Third, an objection to the admission of the marijuana purchased from the defendant as an exhibit in the preliminary hearing.

We deem it unnecessary to delve into these three propositions, for they are all answered under the United States Court of Appeals for the Tenth Circuit's ruling in Mahler v. United States, 10 Cir., 333 F. 2d 472, cert. den. 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613, as follows:

"A plea of guilty voluntarily made forecloses an accused's right to object to the manner in which he was arrested or how the evidence may have been obtained against him. The plea is a waiver of all non-jurisdictional defenses and a sentence which follows such a plea of guilty is the result of the plea and not the evidence theretofore obtained * *."

This Court has repeatedly held along the same lines as the United States Supreme Court. In Ex Parte Merton, 89 Okl.Cr. 76, 205 P.2d 340, we had this to say:

"Under the state of the record as hereinbefore set forth when the petitioner announced ready for trial and entered his plea of guilty, he waived any objections which he might have raised to any irregularities in the proceedings, except such as would go to jurisdiction. * * *"

In Miller v. State, Okl.Cr., 406 P.2d 1015, and citing Kennedy v. State, 66 Okl. Cr. 318, 92 P.2d 384, we stated:

"Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law."

In Lamb v. State, Okl.Cr., 406 P.2d 1010, cited with approval in Sowell v. State, Okl.Cr., 430 P.2d 820, this Court held:

"When guilty plea is entered, there is no fact remaining for jury to determine and there remains only the imposition of judgment and sentence. O.S.1961, Const. art. 2, § 20; 22 O.S.A. § 513."

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.